DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal, ostensibly from an order of the Lucas County Court of Common Pleas, Juvenile Division, granting pro se appellant, George K., an extension of time within which to file objections to a magistrate's decision.
 {¶ 2} Appellant and Patricia W. are the parents of ten-year-old Dakota K. On March 2, 1998, shortly before Dakota's first birthday, the Lucas County Children's Services Bureau ("CSB") obtained an ex parte emergency shelter care order for him, *Page 2 
premised on cross accusations of domestic violence and stalking between the parents. Contemporaneously, the agency filed a complaint in neglect and dependency, seeking temporary custody for CSB.
 {¶ 3} A guardian ad litem was appointed. The guardian reported to the court that Dakota's mother accused appellant of extreme violence and that appellant accused Dakota's mother of insanity. The guardian ad litem recommended temporary custody to CSB, with supervised visitation with the parents at a neutral site. The court found Dakota dependent and awarded temporary custody to CSB. Sometime later, custody of Dakota was awarded to his mother with visitation to appellant.
 {¶ 4} The animosity between mother and appellant, however, has apparently continued unabated through the years. At June 26, 2006, Dakota's mother moved to terminate appellant's visitation on the grounds of alleged domestic violence by appellant against the child. According to the mother's motion, appellant struck Dakota and choked him to the extent that hospitalization was required.
 {¶ 5} Appellant responded with pro se motions to suspend the mother's visitation, change custody, have mother and child psychologically evaluated and order Dakota to resume counseling with a specific counselor. A consolidated hearing on the motions was set for November 15, 2006, at 9:00 a.m. According to the magistrate's decision, when appellant did not appear by 9:20 a.m., the hearing proceeded with unopposed testimony from Dakota's mother. By the time appellant arrived at 9:44 a.m., the hearing had concluded and Dakota's mother and her attorney had departed. As a result of the hearing, *Page 3 
the magistrate granted the mother's motion to terminate visitation and dismissed all of appellant's motions for failure to prosecute.
 {¶ 6} On December 14, 2006, appellant sought a 14 day extension of time within which to file objections to the magistrate's decision, asserting that although the decision was journalized on December 4, 2006, appellant did not receive a copy until December 11, 2006. On December 18, 2006, the Court granted appellant's motion, allowing him until the December 21, 2006, to file objections. It is not clear that appellant ever filed objections.
 {¶ 7} On January 8, 2007, the trial court entered an entry on independent review of the magistrate's decision. Finding no error of law or other defect, the court adopted the magistrate's decision.
 {¶ 8} On appeal, appellant interposes the following single assignment of error:
 {¶ 9} "The Court of Common Pleas, Lucas County, Ohio, Juvenile Division has abused its discretion and has repeatedly defeated the father's attempt to obtain custody of his son. And now it has succeeded its goal [sic] to completely alienate the father and son from each other. Based on lies and deception, and also not allowing the father to use his constitutional right to freedom of speech to make any statements to dispute the lies that are being told to make sure the father is run out of his son's life. This Court has been very prejudiced against the father in this whole matter. And also has abused its discretion when it granted an inadequate extension of time for the father (plaintiff) to file an *Page 4 
objection. Which this court knew the order would be expired by the time the father received it in the mail."
 {¶ 10} Much of appellant's argument concerns his conclusion that the juvenile court hates men in general and him specifically. Our review of the record fails to support this assertion.
 {¶ 11} Appellant also asserts that the magistrate distorted the facts in her account of his late arrival. Again, there is nothing in the record to support this.
 {¶ 12} Finally, appellant asserted that the trial court abused its discretion when it granted his motion for an extension. An abuse of discretion is defined as more than an error of law or a mistake of judgment, the term connotes that the court's attitude is arbitrary, reasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We do not find an order that grants a motion for a delay, albeit for four days less than requested, an abuse of discretion. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1